IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES VAN DIVNER, )<br>)<br>Petitioner )<br>)<br>vs. )<br>) Civil Action No. 05-1197<br>COMMONWEALTH OF PENNSYLVANIA, ) Judge Terrence F. McVerry<br>)<br>Respondent )<br>) | |

## MEMORANDUM OPINION AND ORDER

James Van Divner (Petitioner), is in state custody, awaiting trial in Fayette County. He has brought this habeas petition through his counsel, Leonard Sweeney. Petitioner is charged with first degree murder and he alleges that he is facing the possible imposition of the death penalty. He further alleges that his trial will commence on Monday, August 29, 2005. Petitioner asserts that he had requested the Court of Common Pleas of Fayette County to direct that Fayette County cover the costs of several expert witnesses including a "physiological and/or psychiatric witness, a ballistic expert, and a forensic expert, which Movant's counsel suggests are necessary and vital to Movant being adequately represented and receiving a fair trial." Doc. 1 at ¶ 6. Petitioner alleges that the Court of Common Pleas denied his requests for experts to be provided at state expense. Petitioner proclaims that such a denial violates his federal Constitutional rights and that such denial was "improperly decided and unlawful." Id. at ¶ 11. Petitioner further alleges that he believes that he will not receive all rights due him under the Federal Constitution, unless he is afforded access to a physiological and/or psychiatric witness, a ballistic expert and a forensic expert. Petitioner contends that "if any trial occurs where he does not have access to a physiological and/or psychiatric witness, a ballistic expert and a forensic expert, he will forever be unable to obtain a fair trial." Id. at ¶ 8. Petitioner does not elaborate nor does he explain why, if, after the trial, the denial of such experts is subsequently deemed to be a violation of his federal rights either by a State appellate Court, or a federal habeas court, a re-trial with such experts being provided could not constitute a fair trial.

By way of relief, Petitioner seeks to have this Court issue a writ of habeas corpus to "the Court of Common Pleas of Fayette County, its Judges, the Warden of the Fayette County Prison and the Fayette County District Attorney, commanding them to appear before the Court and to do and receive whatever the court may consider right on Petitioner's behalf." Id. at unnumbered p. 2. Petitioner also requests this court to issue a stay of Petitioner's state court trial pending a hearing on this petition.

This habeas petition was filed electronically on August 25, 2005. The petition was received in chambers on Friday, August 26, 2005. The docket does not affirmatively disclose whether the petition has been served on any of the Respondents.

**A. Court's Jurisdiction and Authority to Dismiss**

The Court's jurisdiction to entertain this petition is premised on 28 U.S.C. § 2241. McDowell v. Chesney, No. CIV.A. 03-818-JJF, 2004 WL 1376591, at *3 (D. Del. June 17, 2004). See also Moore v. DeYoung, 515 F.2d 437 (3d Cir. 1975).

As noted above, it is not clear whether the petition has been served on any respondent. However, a federal district court possesses the power to dismiss a habeas petition, prior to service, if it is plain that the petitioner is not entitled to relief. See Rule 4 of the Rules governing Section 2254 cases. Rule 4 provides in relevant part that:

> The [Section 2254] petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

In interpreting Rule 4 of the Rules Governing Section 2254 Proceedings, the Advisory Committee Notes to Rule 4 observe that

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration, may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may take judicial notice of those state court records and/or state court dockets.  See, e.g., Brown v. Whetsel, No. CIV-05-568-F, 2005 WL 1606457 (W.D. Okla. June 1, 2005)(in Rule 4 case, court took judicial notice of state court docket); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(In a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case.").

Although by its terms Rule 4 applies only to Section 2254 petitions, "Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241." Perez v. Hemingway, 157 F.Supp.2d 790, 795 (E.D. Mich. 2001)(citing Howard v. Haley, No. CIV. A. 01-0065-BH-S, 2001 WL 303534, * 1 (S.D. Ala. March 8, 2001) and Howard v. Certain Unnamed Aircraft Pilots, No. 90 C 7197, 1995 WL 431150, *2 (N.D. Ill. July 18, 1995). Accord United States v. Recinos-Gallegos, 151 F.Supp.2d 659 (D. Md. 2001) (dismissing petition construed as Section 2241 pursuant to Rule 4).  See also Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001)("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241. See Rule 1(b) of the 2254 Rules"); Ukawabutu v. Morton, 997 F.Supp. 605, 608 n.2 (D.N.J. 1998)("I refer to these rules [i.e., Rules Governing Section 2254 Cases] as the 'Habeas Corpus Rules' because they apply to petitions filed pursuant to 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254."); Wyant v. Edwards, 952 F.Supp. 348, 352 (S.D. W.Va. 1997)("the Court has concluded that the § 2254 Rules were intended to apply to § 2241 cases. . ."). Dismissal under Rule 4 has been applied to pre trial habeas petitions on grounds including a petitioner's failure to exhaust. See, e.g., Hopkins v. Sheriff of Comanche County, 2005 WL 1140735 (W.D. Okla. April 14, 2005), report and recommendation adopted by, 2005 WL 1242397 (W.D. Okla. May 12, 2005).

**B. Discussion**

Although it has long been established that there is power in the federal courts to consider on habeas corpus the merits of a constitutional defense to a state criminal charge in advance of a final judgment of conviction, Ex parte Royall, 117 U.S. 241, 253 (1886), considerations of federalism counsel strongly against exercising the power except in the most extraordinary

3

circumstances. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 489-91 (1973). The Court of Appeals for the Third Circuit has succinctly summarized the law governing the exercise of federal habeas power in regards to a state prisoner who seeks habeas relief prior to his state trial:

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
>
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present.
>
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

<u>Moore v. DeYoung</u>, 515 F.2d at 443 (citations omitted). As I read <u>Moore v. DeYoung</u>, the first question to be asked, as a matter of logic, is whether there "are extraordinary circumstances" because if there are, then exhaustion of state court remedies is not required; if there are not extraordinary circumstances, then exhaustion is required. It is a habeas petitioner's burden to show the existence of such extraordinary circumstances so as to justify a federal habeas court's entertaining the habeas petition prior to the state prisoner's state criminal trial. <u>See</u>, e.g., <u>DeYoung v. O'Neal</u>, 76 F.3d 385 (Table), 1996 WL 32137, *1 (9th Cir. 1996)("DeYoung has not demonstrated extraordinary circumstances warranting federal interference with his pending state criminal prosecution. Accordingly, the district court properly dismissed DeYoung's habeas petition."); <u>U. S. ex rel. Bryant v. Shapp</u>, 423 F.Supp. 471, 474 (D. Del. 1976)("the petitioner has not shown the 'extraordinary circumstances' which have justified, in other pre-trial habeas corpus cases, the interposition of federal habeas relief in advance of the state criminal proceeding.").

Petitioner has made no argument concerning the existence of extraordinary circumstances yet alone pointed to any extraordinary circumstances which would justify the court's entertaining this pre-trial habeas petition. "Neither the Third Circuit nor the United States Supreme Court has explicitly described the 'boundaries of extraordinary circumstances' [sufficient] to warrant pre-

trial interference.'" McDowell v. Chesney, 2004 WL 1376591 at *6.  While the Third Circuit Court has not defined the parameters of "extraordinary circumstances", it has stated that the habeas petitioner must present allegations that "reveal that quality of delay, harassment, bad faith or other intentional activity which, in an appropriate situation, might constitute an 'extraordinary circumstance', justifying pre-exhaustion federal habeas relief." Lambert v. Blackwell, 134 F.3d 506, 517 (3d Cir. 1997)(quoting Moore v. DeYoung, 515 F.2d at 447 n. 12 (3d Cir. 1975)), cert. denied, 532 U.S. 919 (2001).  Here, no such allegations have been made.  Petitioner has not explained why the petition for permission to appeal an interlocutory order, which he filed in the Superior Court on August 26, 2005, of which this Court takes judicial notice,[1] is not an adequate state court remedy so as to protect his federal rights.  Neither has Petitioner explained why this court should intervene in the proper workings of the state appellate court by entertaining this petition prior to him exhausting his state court remedies.  Petitioner does not explain why the interlocutory appeal currently pending in the State Superior Court is not sufficient to protect his federal rights.  Nor has he explained why an appeal to the Superior Court following his trial (assuming that he was convicted) in the normal course would not be sufficient to protect his rights.  See, e.g., Rhodes v. Plummer, 1996 WL 721825 (N.D. Cal., Dec. 9, 1996)("Unlike constitutional rights which can be enjoyed only if vindicated prior to trial, such as violations of the Double Jeopardy Clause or immunity from criminal prosecution, the right to be free from vindictive prosecution may be corrected through postconviction proceedings. As stated by the Supreme Court: 'Obviously, it is wholly desirable to correct prior to trial any substantive errors noticed at that time. . . . Nevertheless, reversal of the conviction and, where the Double Jeopardy Clause does not dictate otherwise, the provision of a new trial free of prejudicial error normally are adequate means of vindicating the constitutional rights of the accused.'").  Having failed to carry his burden to show extraordinary circumstances so as to justify this court's entertaining the

---

[1] The appeal is Commonwealth v. James Van Divner, No. 78 WDM 2005 (Pa. Superor filed August 25, 2005).  The Superior Court's dockets are available at

http://ujsportal.pacourts.us/WebDocketSheets/PACMSWebDocketSheets.aspx

5

habeas petition prior to trial and without exhaustion of state court remedies, Petitioner may yet have this petition entertained if he can "make a special showing of the need for" this court to adjudicate his claims **and** that he has exhausted his state court remedies as required by Moore v. DeYoung, 515 F.2d at 443, otherwise, the petition should be dismissed.

Although the present petition is properly addressed as being filed pursuant to 28 U.S.C. § 2241, not Section 2254, nonetheless, exhaustion of state court remedies is required. Moore v. DeYoung, 515 F.2d at 442.  In order to exhaust state remedies, a "claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1230 (3d Cir. 1992). Moreover, "[a] petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented." Cobb v. Hammond, No. CIV.A. 03-5181, 2004 WL 828365, *1 (E.D. Pa. March 22, 2004).       The animating principle of exhaustion is based upon considerations of comity.  See, e.g., Fay v. Noia, 372 U.S. 391, 418 (1963) ("comity demands that the state courts, under whose process he is held, and which are, equally with the federal courts, charged with the duty of protecting the accused in the enjoyment of his constitutional rights, should be appealed to in the first instance... ."), overruled on other grounds, Coleman v. Thompson, 501 U.S. 722 (1991).  Generally, federal court intervention would be **premature** whenever a state procedure still affords a petitioner with an opportunity to obtain relief . . .  in a federal habeas proceeding.  See  Lambert v. Blackwell, 134 F.3d at 513  ("The exhaustion requirement does not foreclose federal relief, but merely postpones it.").  Thus, the federal habeas doctrine of exhaustion is centered on the **timing** of the federal petition, i.e., was the federal habeas petition filed before the state prisoner has finished utilizing the state court procedures available to him or her. Richardson v. Miller, 716 F.Supp. 1246, 1266 (W.D. Mo. 1989) ("*Fay v. Noia* then explained that the doctrine of exhaustion has always been based solely on principles of comity and, as such, did no more than establish a 'rule of timing' under which, as a matter of comity, the State courts would be afforded the first opportunity to consider a state prisoner's federal claims before a federal court should exercise the habeas corpus power and jurisdiction . . . .") (citations omitted).

The habeas petitioner has the burden of establishing that exhaustion has been satisfied. Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987). Petitioner has not carried that burden. He failed to even plead that he exhausted his state court remedies. Indeed, Petitioner has **not** exhausted his state court remedies, because as noted above, he has a presently pending request for an interlocutory appeal to the State Superior Court. See, e.g., Rose v. Lundy, 455 U.S. 509, 518 (1982)(in habeas cases involving a state prisoners, "federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, **and already cognizant of the litigation**, have had an opportunity to pass upon the matter.")(emphasis added). In light of his failure to exhaust and his currently pending interlocutory appeal, Petitioner has failed to show that he exhausted his state court remedies. Having failed to show the exhaustion of state court remedies, this court need not address whether Petitioner has also made "a special showing of the need for" this court to adjudicate his claims within the meaning of Moore v. DeYoung, as Moore requires him to demonstrate both a special showing of a need and that he exhausted state court remedies. Nevertheless, because it appears that the normal appellate processes available post trial are more than adequate to protect his federal rights, such as, for example, the ordering of a new trial with the assistance of experts, Petitioner fails to make a special showing of the need for this court to adjudicate his claims now.

### C. Certificate of Appealability

It is not clear to this court whether a certificate of appealability ("COA") is necessary in this Section 2241 case. See, e.g., Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)(declining to answer the question of whether a COA is required in Section 2241 cases involving state prisoner). But see Hemphill v. Whetsel, 137 Fed.Appx. 191 (10th Cir. 2005)(requiring a COA for a state prisoner who, before his state trial, filed a section 2241 petition); Greene v. Tennessee Department of Corrections, 265 F.3d 369 (6th Cir. 2001)(requiring COA for state prisoner challenging state administrative order but not his conviction). This uncertainty is obviated by the fact that the Court of Appeals has discretion to treat a notice of appeal as a certificate of appealability and vice versa. In either event, if Petitioner files a notice of appeal and the Court of

Appeals determines that certificate of appealability is needed, that Court certainly has the discretion to treat the notice of appeal as a request for a certificate of appealability and act accordingly. See Slack v. McDaniel, 529 U.S. 473, 483 (2000)("as AEDPA applied, the Court of Appeals should have treated the notice of appeal as an application for a COA."); Lozada v. United States, 107 F.3d 1011, 1017 (2d Cir. 1997)("we will treat the notice of appeal as a 'request' for a COA"), *overruled on other grounds by*, United States v. Perez, 129 F.3d 255, 259-60 (2d Cir.1997); Fed.R.App.P. 22(b) ("If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals.").  Alternatively, if the Petitioner files a request for a certificate of appealability, but should have filed a notice of appeal, the Court has discretion to consider it as such.  See, e.g., United States v. Spencer, 21 Fed.Appx. 803, 804 (10th Cir. 2001)("We agree that Mr. Spencer's filing of his COA application constitutes a timely filing of a notice of appeal.")(citing, Rodgers v. Wyoming Att'y Gen., 205 F.3d 1201, 1205 (10th Cir. 2000) ("A document, such as an application for a ... certificate of appealability, is the functional equivalent of a notice of appeal if it contains the three elements ... required by Rule 3(c)."), *overruled on other grounds as recognized by* Moore v. Marr, 254 F.3d 1235, 1239 (10th Cir. 2001)).  To the extent that a COA is needed, the Court denies a certificate of appealability as reasonable jurists would not disagree with the court's disposition of this petition.  Slack v. McDaniel, 529 U.S. 473, 483-484 (2000)(explaining standard for the grant of a COA).

    Accordingly, the Court enters the following order:

    **AND NOW** this 29th day of August 2005, it is hereby ordered that the habeas petition is **DISMISSED** and, to the extent necessary, a Certificate of Appealability is **DENIED**.

    s/Gary L. Lancaster,United States  District Judge
    for Terrence F. McVerry
    United States District Judge

cc: Leonard E. Sweeney, Esquire
The Law Firm
156 Perry Highway
Pittsburgh, PA 15229
(412) 366-1776
Firm: 412-366-7619
Email: thelawfirm@pghpa.us